SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF OSWEGO
-------------------------------------------------------------------------------X
ERICH VON HINKEN

                                                 Plaintiff,

                    - against -

                                              **VERIFIED COMPLAINT**

MOVEMENT MORTGAGE, LLC

                                       Defendant.
-------------------------------------------------------------------------------X

Plaintiff, Erich Von Hinken, by and through his attorneys, Galli Law, PLLC, complaining

of Defendant, Movement Mortgage, LLC, respectfully alleges as follows:

## PARTIES

1.      Plaintiff, Erich Von Hinken, is an individual residing in the State of Florida, who

owns real property located in the State of New York, County of Oswego at 759 Bull Run Road

Pulaski, NY 13142.

2.      Defendant, Movement Mortgage, LLC, is a Foreign Limited Liability Company

formed and existing under the laws of the State of Delaware and registered to conduct business in

the State of New York with a principal place of business located at 8024 Calvin Hall Road, Indian

Land, South Carolina 29707.

## JURISDICTION AND VENUE

3.      Plaintiff, Erich Von Hinken, is the owner of the real property located at 759 Bull

Run Road, Pulaski, New York 13142 (hereinafter, the "Property" or the "Premises").

4.      Defendant, Movement Mortgage, LLC (hereinafter, "Movement Mortgage" or

"Defendant") is a mortgage lender organized under the laws of Delaware with an address of 8024

Calvin Hall Road, Indian Land, South Carolina 29707, and acted as lender to Plaintiff on Loan No. ████3880 for the purchase and renovation of the Property.

5.      Plaintiff, Erich Von Hinken, is the borrower/mortgagor and Movement Mortgage is the lender/mortgagee pursuant to a renovation loan and mortgage that is secured by the Property.

6.      Venue in this Court is proper because the subject Property is located in Oswego County, New York, and the transaction, occurrence, and/or series of transactions and/or occurrences, such as the loan and contemplated renovation work concern the real property located in New Yok State, Oswego County.


**BACKGROUND FACTS**

**A. The Loan, Renovation Agreement, and Renovation Budget.**

7.      On July 1, 2025, Plaintiff executed a New York Fixed Rate Note in the principal amount of $449,450.00 in favor of Movement Mortgage, together with a Mortgage/Security Instrument encumbering the Property, and an incorporated HomeStyle Rehabilitation Loan Rider governing renovation advances.  (**Exhibit 1**).

8.      The Rehabilitation Loan Rider provides that loan proceeds are to be advanced for improvements at the Property in accordance with the "Home Improvement Mortgage Loan Agreement" incorporated into the Mortgage, and that no advances shall be made unless approved by the Lender.  (**Exhibit 1**).

9.      The Closing Disclosure for Loan ID #████3880 identifies Movement Mortgage, LLC as Lender and the Property as 759 Bull Run Rd, Pulaski, NY 13142, and reflects renovation reserves and fees associated with the rehabilitation escrow.  (**Exhibit 2**).

10. On June 23, 2025, Movement Mortgage issued a Renovation Cost Total / Movement Mortgage Renovation Cost document reflecting a total renovation budget of $207,577.15; the document bears the loan officer's signature and a borrower signature line for execution on June 23, 2025. (**Exhibit 3**).

11. The executed Renovation Loan Agreement (Movement form) identifies Plaintiff as Borrower and Movement Mortgage as Lender for Loan #███3880, which states that the purpose includes paying for labor and materials to complete improvements at the Property, and provides that loan proceeds will be disbursed from an escrow account in accordance with the Agreement's conditions. (**Exhibit 4**).

12. The Renovation Loan Agreement requires that any material changes to the renovation contract, scope, schedule, or price be set forth in a written change order approved by the Lender. (**Exhibit 4**).

**B. The Renovation Scope Included Septic Work, but Insufficient Funds.**

11. The renovation was intended to bring the Property to livable, code-compliant condition and included core building systems such as plumbing and septic. (**Exhibit 3**).

12. Prior to closing, Plaintiff, by and through his contractors, submitted contractor quotes to Movement Mortgage for inclusion in the renovation loan total; Movement Mortgage's appraisal includes DG Plumbing & Mechanical Estimate 1284 (dated May 8, 2025) for $53,052.35 covering installation of new drain-waste-vent systems and related plumbing work at the Property. (**Exhibit 5**).

13. In addition to DG Plumbing & Mechanical Estimate 1284, the plumber submitted a second plumbing/septic quote, Estimate 1285, totaling $31,225, which Plaintiff avers was

provided to Movement before closing, but which was not disclosed in the finalized loan package or included in the renovation loan total presented to Plaintiff. (*Compare* **Exhibit 5** *with* **Exhibit 6**).

14.     Movement Mortgage's personnel later acknowledged that the bid for the septic portion was not in the loan file and that there were no funds allocated to cover the septic work, all of which should have been included as part of the plumbing scope. (**Exhibit 7**).

15.     On July 14, 2025, after closing, Plaintiff alerted Movement that the additional $31,225 plumbing quote had been omitted; Movement's representative responded that the file did not contain the septic bid and there were no funds to cover it, consistent with the earlier omission. (**Exhibit 7**).

16.     Movement Mortgage's personnel further characterized the situation as an oversight on the plumbing bids, acknowledging that the project was short funds to complete the job. (**Exhibit 7**).

17.     In an attempt to shift blame, Movement's AVP/Renovations Processing Manager stated that "the loan is closed" and referenced prior documents confirming the total construction costs despite the omission. (**Exhibit 7**).

**C. Insufficient Funding and Post-Closing Impact.**

18.     As of mid-July 2025, no renovation work had commenced and no draws had issued due to the funding shortfall and Movement Mortgage's draw disclaimer requirement that the borrower certify remaining funds were sufficient to complete all improvements, which Plaintiff could not truthfully sign in light of the omitted plumbing/septic bid. (**Exhibit 8**).

19.     Plaintiff notified Movement Mortgage that he could not proceed with renovation draws until the omission was resolved, and that the home remained unlivable, with contractors on hold, causing continuing damages.  (**Exhibit 9**).

20.     The Homestyle contract required work to begin within thirty (30) days of closing; however, because the loan was underfunded, the contractors could not start, thereby effectively voiding the original contractor bids.

21.     Since the contractor quotes were only valid for thirty (30) days, the quotes were thereafter subject to change in price and/or change in contractor availability.

22.     Movement's internal draw ticket for Loan/Project ID ▮▮3880 shows a rehabilitation escrow balance and an initial draw in approval in July 2025, but reflects $0.00 construction funded to date as of July 24, 2025, consistent with the uncommenced work status.

### D. Contractual Provisions and Incorporation of Scope.

21.     The Renovation Loan Agreement incorporates the Renovation Contract(s) with contractors, including DG Plumbing & Mechanical, for the Work at the Property, and requires submission of invoices and lien waivers as conditions to disbursement.  (**Exhibit 4**).

22.     The related Fannie Mae HomeStyle Construction Contract between Plaintiff (Owner) and DG Plumbing & Mechanical (Contractor), dated June 23, 2025, assigns Owner's rights to Movement Mortgage, LLC and provides for lender-controlled disbursements upon appropriate requests and lien releases.  (**Exhibit 5**).

23.     Movement Mortgage's Renovation Cost Total of $207,577.15 was the basis for the renovation escrow at closing, with $203,077.15 allocated to repairs and $30,461.58 to reserves, as reflected in closing and lien law affidavits.  (**Exhibit 2**, p. 2).

24.     Despite the foregoing, Movement Mortgage failed to include and fund the additional $31,225 plumbing/septic bid within the agreed renovation scope presented to Plaintiff at closing.

## AS AND FOR A FIRST CAUSE OF ACTION – BREACH OF CONTRACT

25.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

26.     The Renovation Loan Agreement, the incorporated Rehabilitation Loan Rider, and related closing documents constitute a binding contract between Plaintiff and Movement Mortgage governing the advancement of renovation loan proceeds for the agreed Work at the Property. (**Exhibit 4**).

27.     Movement Mortgage issued and obtained approval/signatures on a Renovation Cost Total of $207,577.15 as the total budget for the renovation, reflecting the scope Movement Mortgage presented and approved for funding.  (**Exhibit 3**).

28.     Prior to closing, the Contractors submitted multiple quotes directly to Movement Mortgage, including a second DG Plumbing & Mechanical quote totaling $31,225 covering septic and additional plumbing work necessary to complete the renovation to code.  Movement Mortgage received, possessed, and approved this second plumbing quote prior to closing, but it was not disclosed to Plaintiff before closing.  (*Compare* **Exhibit 5** *with* **Exhibit 6**).

29.     Movement Mortgage failed to include and fund the $31,225 plumbing/septic bid in the renovation loan documents and escrow presented at closing, thereby omitting necessary scope from the approved budget and rendering performance under the Agreement impracticable as to code-compliant completion.

30.     Movement Mortgage personnel acknowledged after closing that the septic bid was missing from the file and that no funds were available to cover septic, which should have been included as part of the plumbing scope, evidencing nonperformance under the loan's renovation funding framework.  (**Exhibit 7**).

31.     Plaintiff performed or stood ready to perform all conditions precedent, including execution of loan documents, provision of renovation contracts and estimates, and compliance with lender procedures; any further performance was excused by Movement Mortgage's breach and the insufficiency of the approved budget.

32.     As a direct and proximate result of Movement Mortgage's breach, Plaintiff has suffered damages including, without limitation:  a funding shortfall of at least $31,225 for required plumbing/septic work; project delay costs; continued uninhabitability of the Property; increased living expenses and holding costs; and increased contractor and material pricing due to delay.

### AS AND FOR A SECOND CAUSE OF ACTION – NEGLIGENCE

33.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

34.     In processing and administering Plaintiff's renovation loan and rehabilitation escrow, Movement Mortgage undertook duties to exercise reasonable care consistent with its renovation lending program and procedures, including receipt, review, and integration of contractor bids forming the approved renovation scope and budget.

35.     Movement Mortgage breached its duty of reasonable care by failing to account for and include the known $31,225.00 plumbing/septic bid in the renovation loan total presented and closed upon, an omission Movement Mortgage personnel later characterized as an oversight that left the project short funds.

36.     Any other lending institution in Movement Mortgage's position of reviewing, approving and administering renovation loans would not have committed the oversight Movement committed, which constitutes a breach of its duty of reasonable care by failing to account for and include the known $31,225.00 plumbing/septic bid in the renovation loan total presented and closed upon.

37.     Movement Mortgage's negligence was a substantial factor in causing Plaintiff's harm, including an immediate funding shortfall preventing commencement of work, inability to proceed with draws, continued uninhabitability, and increased costs and delays, such as increased living expenses and holding costs; and increased contractor and material pricing due to delay.

38.     Plaintiff suffered damages as alleged, including the $31,225 shortfall and consequential damages associated with delay and inability to occupy.

**AS AND FOR A THIRD CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION, ERROR and/or OMISSION**

38.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

39.     Movement Mortgage, through its issuance and execution of the June 23, 2025 Renovation Cost Total of $207,577.15 and related closing documents, represented that the renovation budget reflected the total construction costs and approved scope for completing the Work to code at the Property.

40.     Movement Mortgage omitted material information from those representations by failing to disclose and include the additional $31,225 plumbing/septic bid that Movement had received, possessed, and approved prior to closing.

41.     Movement Mortgage's draw and processing personnel later admitted the septic bid was not in the file and there were no funds to cover septic, and characterized the issue as an

oversight on plumbing bids, confirming that the earlier representations and closing documents were materially incomplete and misrepresented.

42.     Plaintiff reasonably relied on Movement Mortgage's renovation cost presentation and closing documents in proceeding to close the loan; had the omitted $31,225 plumbing/septic cost been disclosed and included, Plaintiff would not have proceeded on the presented terms.

43.     As a result of the negligent misrepresentation, and the Plaintiff's reliance thereon in deciding to close the loan transaction, the Plaintiff seeks an order of this Court rescinding the contract.

44.     Alternatively to rescindment, as a direct and proximate result of Movement Mortgage's negligent misrepresentations and errors/omissions, Plaintiff has sustained damages including the $31,225 shortfall, delay costs, uninhabitability, increased living expenses, and increased contractor pricing due to delay.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against the Defendant as follows:

A. On the Plaintiff's First Cause of Action for Breach of Contract, awarding compensatory damages, including at least the sum of $31,225, along with the Plaintiff's special and consequential damages in an amount to be determined at trial;

B. On the Plaintiff's Second Cause of Action for Negligence, awarding compensatory damages including at least the sum of $31,225, along with the Plaintiff's special and consequential damages in an amount to be determined at trial;

C. On the Plaintiff's Third Cause of Action for Negligent Misrepresentation, Error and/or Omission, Ordering rescission of the contract, or, alternatively, awarding compensatory damages

including at least the sum of $31,225, along with the Plaintiff's special and consequential damages in an amount to be determined at trial;

D. Awarding pre- and post-judgment interest as permitted by law;

E. Awarding costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: December 15, 2025

*/s/ Anthony C. Galli*
**GALLI LAW, PLLC**
*Attorneys for Plaintiff*
By: Anthony C. Galli, Esq.
6555 Ridings Road
Syracuse, NY 13206
Phone (315) 480-1954
Email civil@galli-law.com
Our File No.: 25-02478

**VERIFICATION**

STATE OF FLORIDA          )
                         ) ss:
COUNTY OF Orange          )

I, Erich Von Hinken, affirm that I am the Plaintiff in the within action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to my knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

I affirm on December 16, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

*Erich Von Hinken*
Erich Von Hinken